BELSOME, J.,
CONCURS WITH REASONS
hi concur with the majority opinion, but write separately to further discuss the trial court’s granting of the directed verdict on the issue of future medical expenses. I find that the error so tainted the litigation process, that the only remedy available to this Court is to remand the case for a new trial. I recognize that in cases where the future medical expenses have been excluded by a trier of fact, the Louisiana Supreme Court has directed appellant courts to examine the record and use the evidence presented to arrive at a minimum amount of future medical expenses that reasonable minds could not disagree with. See Stiles v. K Mart Corp., 597 So.2d 1012 (La. 1992). However, I do not find that method equitable in this case.
Here, we do not have a situation where the trier of fact rejected the award of future medical expenses. Instead, we have the trial court erroneously eliminating the element of damages from the jury’s deliberations. Under this scenario, we cannot find that the impact of the error is corrected by awarding some minimum amount of future medical expenses. It is inconceivable to suggest that acknowledging the need for future medical treatment, and awarding expenses for such treatment would not also have a direct impact on the general damages award.
For these reasons, I find the only just result is to remand for a new trial.